[Cite as *State v. Jones*, 2018-Ohio-562.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-759 |
| | | (C.P.C. No. 05CR-2681) |
| Keith L. Jones, | : | |
| Defendant-Appellant. | : | (ACCELERATED CALENDAR) |

D E C I S I O N

Rendered on February 13, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, **for appellee.**

**On brief:** *Keith L. Jones*, **pro se.**

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Keith L. Jones is appealing from the trial court's failure to give him relief from what he asserts is a void judgment. He sets forth three assignments of error:

> [I.] THE TRIAL COURT ERRED WHEN IT'S [sic] SENTENCING JOURNAL ENTRY DID NOT CONFORM TO THE TRANSCRIPT OF PROCEEDINGS.
>
> [II.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO COMPLY WITH THE CRIMINAL RULES UPON SENTENCING APPELLANT ON EACH COUNT OF CONVICTION.
>
> [III.] THE COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO TEN YEARS OF COMMUNITY CONTROL.

{¶ 2}   Jones was indicted in 2005.  He was charged with seven crimes.

{¶ 3}   In 2007, Jones entered into a plea agreement under the terms of which he pled guilty to two of the charges and the remaining five charges were dismissed.

{¶ 4}   Jones did not appear at his sentencing hearings more than once which delayed his sentencing to December 2009.  When he was finally sentenced, he was granted community control but was informed that if he violated the terms of his community control, he would be expected to serve ten years in prison.

{¶ 5}   Rather than successfully completing his community control, he absconded. He eventually was apprehended and admitted in open court that he had violated the terms of his community control.  The ten-year sentence was enforced and he began serving his terms of imprisonment.

{¶ 6}   Jones appealed the enforcement of his sentence.  The sentence was affirmed by this court.

{¶ 7}   Jones continued to contest his sentence in both state and federal courts, including more appeals to this appellate court.

{¶ 8}   The most recent appeal also fails for several reasons.  The documents Jones filed in the trial court must be considered an untimely petition for postconviction relief.

{¶ 9}   Further, Jones presents no new facts, just his ongoing disagreement with the results of his prior appeals.  As a result, the doctrine of res judicata should be applied.  What he is arguing has already been decided.

{¶ 10} In short, none of Jones's assignments of error has any merit.  All three assignments of error are overruled.  The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

_____